**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-30933
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

DAVID LEE BARNHART,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana

(97-CR-10020-1)

April 30, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:*

Following a jury trial, David Lee Barnhart was found guilty of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Barnhart appeals, contending the government failed to prove beyond a reasonable doubt that he knowingly possessed the firearm. We AFFIRM.

I. FACTS AND PROCEEDINGS

On November 23, 1996, Louisiana State Trooper Charles Tony Rawson ("Trooper Rawson") was on patrol on Interstate 49. Trooper Rawson observed a pickup truck swerve off the roadway onto the shoulder for approximately 300 feet. When Trooper Rawson stopped the vehicle, the

_____

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

suspect, David Lee Barnhart ("Barnhart"), exited his vehicle and approached the patrol car. When Barnhart arrived at the patrol car, he presented an Oklahoma driver's license and the vehicle registration.

As a standard procedure for trooper safety, Trooper Rawson asked Barnhart whether there were any weapons in the vehicle. Barnhart did not answer. When Trooper Rawson repeated the question, Barnhart responded that there was a shotgun behind the seat. Trooper Rawson conducted an NCIC check and learned that Barnhart had two prior felony convictions and that Barnhart was on parole. Trooper Rawson approached the vehicle and saw the shotgun. After Trooper Rawson obtained Barnhart's consent to search the pickup, he located a 12 gauge, double-barreled shotgun loaded with two rounds of ammunition. Barnhart was arrested for being a felon in possession of a firearm.

At trial, Appellant's son, Damon Barnhart ("Damon") testified that he had borrowed Appellant's pickup truck on November 21 and November 22 to move from Ocean Springs, Louisiana to Longview, Texas. Further, Damon testified that the shotgun belonged to him and that he inadvertently left the shotgun in the pickup when he moved.

Barnhart testified that initially he did not know that the shotgun was in the vehicle. Barnhart said that he realized the shotgun was in the pickup when he swerved to miss a vehicle on the interstate. When Barnhart slammed on the brakes, there was a bang against the back seat that made him aware that the shotgun was there.

At the conclusion of the government's case, counsel for Appellant moved for judgment of acquittal under Federal Rule of Criminal Procedure 29, claiming insufficient evidence to support voluntary and intentional possession of a firearm. The district court denied this motion. Appellant further moved for judgment of acquittal or, alternatively, for a new trial. The district court denied these motions and the jury found Appellant guilty. The district court sentenced Appellant to a prison term of 54 months.

## II. DISCUSSION

As the sole issue on appeal, Barnhart contends the district court erred in concluding that the government proved beyond a reasonable doubt that Barnhart knowingly possessed the firearm in violation of 18 U.S.C. § 922(g)(1).[1]

This Court reviews the district court's denial of a Motion for Judgment of Acquittal *de novo*. *See United States v. Greer*, 137 F.3d 247, 249 (5th Cir. 1998). The Court examines "whether, based on the totality of evidence at trial, and all reasonable inferences therefrom, and in a light most favorable to the Government, a rational juror could find all elements of an offense beyond a reasonable doubt." *United States v. Greenwood*, 974 F.2d 1449, 1456 (5th Cir. 1992) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

To support a conviction under 18 U.S.C. § 922 (g)(1), the government must prove beyond a reasonable doubt that the defendant: (1) has been convicted of a felony; (2) knowingly possessed a firearm; and (3) the possession of the firearm was in or affecting interstate commerce. *See United States v. Dancy*, 861 F.2d 77, 81 (5th Cir. 1988).

Appellant contends the government failed to prove that he "knowingly" possessed a firearm. Possession may be actual or constructive. *See United States v. Munoz*, 150 F.3d 401, 416 (5th Cir. 1998) (citing *United States v. McKnight*, 953 F.2d 898, 901 (5th Cir. 1992)). Actual possession means that the defendant knowingly has direct control over a thing at a given time. *See id.* (citing *United States v. Randall*, 887 F.2d 1262, 1268 (5th Cir. 1989)). Constructive possession means ownership, dominion, or control over a thing, or control over the premises where the thing is found. *See id.* (citing *United States v. Torres*, 114 F.3d 520, 524 (5th Cir. 1997)). Possession can be shown via direct or circumstantial evidence. *See id.* (citing *United States v. Garza*, 118 F.3d 278, 283 (5th Cir. 1987)).

At trial, Appellant testified that he owned the vehicle where the firearm was located and that he knew the firearm was in the vehicle. We hold that the evidence, when viewed in the light most

---

[1]Barnhart's focus on the sufficiency of the evidence leads us to conclude that he appeals the denial of the Motion for Judgment of Acquittal.

favorable to the government, supports that a rational juror could find beyond a reasonable doubt that the Appellant constructively possessed the firearm.

## III.  CONCLUSION

The district court's decision to deny the Motion for Acquittal is AFFIRMED.